# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cv-329-RJC
# (3:16-cr-278-RJC-DSC-1)

| | |
|---|---|
| **DEMARIO BERNARD AUSTIN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court to memorialize the Court's ruling at the March 2, 2021 evidentiary hearing.

The Petitioner filed a *pro se* Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 arguing that counsel was ineffective for failing to file a Notice of Appeal pursuant to Petitioner's express instruction. (Doc. No. 3). The Respondent initially conceded that relief should be granted so that Petitioner could file a direct appeal. (Doc. No. 6). After an Order directing supplemental briefing however, (Doc. No. 7), the Respondent obtained an affidavit from Petitioner's trial indicating that Petitioner later withdrew his request that counsel file a Notice of Appeal. (Doc. No. 10). An evidentiary hearing was scheduled to resolve this factual dispute.

The evidentiary hearing came before the Court on March 2, 2021, at which Petitioner and his former attorney testified. After considering the evidence and weighing the witnesses' credibility, the Court concluded that no ineffective assistance of counsel occurred. The Amended § 2255 Motion to Vacate will therefore be denied for the reasons stated on the record at the evidentiary hearing.

**IT IS, THEREFORE, ORDERED** that:

1

1. The Amended § 2255 Motion to Vacate, (Doc. No. 3), is **DENIED** for the reasons stated on the record at the March 2, 2021 evidentiary hearing.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is instructed to close this case.

Signed: March 10, 2021

Robert J. Conrad, Jr.
United States District Judge